```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

LAZARO HERRERA,

      Plaintiff,

v.                                        Case No: 2:17-cv-472-FtM-29MRM

COLLIER COUNTY SHERIFF KEVIN RAMBOSK, COLLIER COUNTY JAIL, UNKNOWN SHIFT SUPERVISOR DEPUTYS [SIC], ARMOR COORECTIONAL HEALTH SERVICES, and TINA MARIE GARMONE,

      Defendants.

_____

## **OPINION AND ORDER**

This matter comes before the Court upon Defendant Rambosk's Motion to Dismiss (Doc. #23) filed June 8, 2018. Plaintiff filed a response to Defendant's Motion (Doc. 26) on July 11, 2018. As more fully set forth herein, the Court grants Defendant Rambosk's Motion and *sua sponte* dismisses the Collier County Jail, "Unknown Shift Supervisor Deputys" [sic], and Armor Correctional Health Services as Defendants.

### **I. Complaint**

Liberally construed, the Complaint (Doc. #1) in conjunction with the supplement (Doc. #2) alleges an Eight Amendment claim for deliberate indifference to Plaintiff's serious medical needs. The following facts are alleged in the Complaint and supplement and

are presumed true at this stage of the proceedings. Plaintiff, a convicted prisoner, was involved in an altercation with another inmate on June 1, 2017 while he was incarcerated in the Collier County Jail. Doc. #2 at 3. Plaintiff sustained a "wound-injury in the nasal area" during the altercation. Id. "Within seconds" deputies responded to "control" the "situation" and Plaintiff was "quickly examined" by the jail's doctor who contacted "E.M.S." Id. at 3-4. Upon arrival, E.M.S. transported Plaintiff via ambulance to Naples Community Hospital ("NCH") where he was examined by the emergency room doctor at approximately 3:30 p.m. Id. at 4. Plaintiff underwent a CT scan that revealed "multiple fractures" to Plaintiff's nasal area. Id. The emergency room doctor advised Plaintiff that the hospital was attempting to contact an "E.N.T. specialist to conduct the complicated surgery." Id. at 5. After "numerous hours," the emergency room doctor informed Plaintiff that an E.N.T. specialist was not available, and the hospital was discharging Plaintiff with instructions that health officials at the Collier County Jail follow-up with the specialist within one to seven days of the discharge." Id. The emergency room doctor also prescribed antibiotics and 350 mg of Percocet for pain, which were included with the notes and discharge instructions for the jail's health services department. Id. A copy of the "NCH Healthcare System *Emergency Department Discharge Instructions*" is appended to the supplement at Exhibit A. In

pertinent part it states:

> Follow up in the next 5-7 days for nasal fracture. Complete entire course of antibiotics/take pain medication as needed for pain. Stay well hydrated. Return for changes or worsening symptoms. Important twice daily nasal flushes with saline.

Id. at 1. The Instructions also identify the prescriptions provided to Plaintiff as: clindamycin (clindamycin 150 mg oral capsule); ondansetron (Zofran ODT 4 mg oral table); and oxycodone/acetaminophen (Percocet 5/325 oral table). Id. at 2.

After "8-12 hours," Plaintiff returned to the jail's infirmary where he was "medically attended" to by Defendant Garmone and unknown other individuals. Doc. #2 at 6. Plaintiff claims that Defendant Garmone did not provide him any of the medications prescribed by the emergency room doctor, including the pain medication. Id. "Around" 3:00 a.m., two unidentified Collier County deputies approached Plaintiff and informed him that he was being transferred to the Department of Corrections' South Florida Reception Center ("SFRC"). Id. at 7. Plaintiff declared a medical emergency claiming he was "having severe pain and great difficulty in breathing" and was taken back to the jail infirmary where he was examined by Defendant Garmone. Id. Defendant Garmone stated she "could not do anything" and medically cleared Plaintiff for transport to the SFRC. Id. Plaintiff "begged" Defendant Garmone and the two transport officers and told them he was "having constant pain and severe difficulty breathing and was

bleeding" but they "ignored" him.  Id.  At 5.45 a.m. Plaintiff was placed in a van for transport to the SFRC without having received any of his prescribed medications.  Id.  The Complaint contains no facts subsequent to Plaintiff's transfer to SFRC.

The Complaint names the following as defendants: Armour Correctional Health Services, Inc., L.P.N. Tina Marie Garmone, Sheriff Kevin Rambosk, Collier County Jail. and Unknown Shift Supervisor Deputys [sic].  Doc. #1 at 1, Doc. #2 at 1.  As relief, Plaintiff seeks $1 million for pain and suffering and reimbursement of his medical bills.  Doc. #1 at 5.[1]

**II. Motion to Dismiss and Standard of Review**

Defendant Rambosk, who is sued in both his individual and official capacities, seeks dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Doc. #23.  Defendant argues that the Complaint fails to articulate a claim against him in his official capacity because it fails to adequately allege a custom, policy or

---

[1] The fact that Plaintiff did not exhaust his administrative remedies is apparent on the face of the Complaint. Doc. #1 at 6-7.  Plaintiff states he was not able to file a grievance because he was transferred less than 24-hours after the facts giving rise to his claim. Id. at 7.  The Court is cognizant that the Supreme Court recently determined that the only exception to the PLRA's exhaustion requirement is that administrative remedies are not "available." Rosa v. Blake, __ U.S. __, 136 S. Ct. 1850, 1853 (2016).  The Court liberally construes the Complaint as alleging that the Collier County Jail's administrative grievance process was not available to Plaintiff once he was transferred from the Collier County Jail.  Defendant Rambosk does not contend that the grievance process was still available to Plaintiff despite his physical transfer from the Collier County Jail.

practice to attribute liability to a governmental entity. Id. at 3. The Complaint likewise fails to allege any personal conduct on behalf of or at the direction of Defendant Rambosk to attribute liability to him in his individual capacity. Id. at 6. Alternatively, Defendant Rambosk claims he is entitled to qualified immunity. Id. at 9.

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In general, a complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests to satisfy the pleading requirements of Fed. R. Civ. P. 8. *Id*. at 555. In addition, the plaintiff's claim must be plausible on its face to overcome a Rule 12(b)(6) motion to dismiss. Id. at 556. The court must be able to draw a reasonable inference from the complaint that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the facts need not be detailed, they must "raise a reasonable expectation that discovery will reveal evidence" in favor of the plaintiff's claim. Twombly, 550 U.S. at 556. Overall, labels, conclusions, and a formulaic recitation of the elements of a cause of action are not enough to meet the plausibility standard. Id. at 555. Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if the alleged claim is not supported by

enough factual allegations to raise a reasonable expectation of relief. Id.

### III. § 1983 Principles

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. To articulate a claim under § 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

To state a claim for violating the Eighth Amendment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prove medical indifference, the plaintiff must demonstrate:

> (1) he had a serious medical need (the objective component); (2) the prison official acted with deliberate indifference to that serious medical need (the subjective component); and (3) the official's wrongful conduct caused the injury. To satisfy the subjective component, the plaintiff must prove the prison official subjectively knew of a risk of serious harm, the official disregarded that risk, and the official's conduct was more than gross negligence.

Fischer v. Fed. Bureau of Prisons, 349 F. App'x 372, 374 (11th Cir. 2009) (citing Goebert v. Lee County, 510 F.3d 1312, 1326-27 (11th Cir.2007)). Mere inadvertence, negligence, medical

malpractice, or a simple difference in medical opinion do not rise to the level of deliberate indifference. See Estelle, 429 U.S. at 106; Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). In a delay-of-treatment case, the relevant factors include: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Goebert, 510 F.3d at 1327.

A supervisory official cannot be held liable under a theory of *respondeat superior* or vicarious liability in a § 1983 action. See Iqbal 556 U.S. at 676; Brown v. Crawford, 906 F. 2d 667, 671 (11th Cir. 1990). Instead, supervisory liability under § 1983 occurs when the supervisor either (1) personally participates in the alleged unconstitutional conduct; or (2) when there is a causal connection between the actions of a supervising official and the alleged constitutional violation. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection is shown when (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so," or (2) "a supervisor's custom or policy results in deliberate indifference to constitutional rights," or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." Valdes v. Crosby, 450 F.3d 1231, 1237 (11th Cir. 2006) (internal quotations

and citations omitted).

## IV. Analysis

### A. Sheriff Rambosk

Assuming *arguendo* that Plaintiff still had a serious medical need after his discharge from NCH and prior to his transfer to SFRC, the Court finds the Complaint, as supplemented, fails to state a claim for relief against Sheriff Rambosk in either his individual or official capacities. Sheriff Rambosk is listed as a Defendant on the caption of the Complaint and identified under the section listing the names of the Defendants. Doc. #1 at 1-2. In the supplement, Plaintiff generally claims that the Sheriff "is being biased for not ensuring that all his county jail deputys [sic] are properly trained to properly handle the type of incident that occurred with the Plaintiff on June 1 and 2, 2017." Doc. #2 at 12, ¶ 37.

To the extent discernable, the Plaintiff predicates liability on Sheriff Rambosk due to his supervisory position, since there are no allegations that the Sheriff was personally involved in the incident, and therefore the individual capacity claims must be dismissed. To allege a constitutional violation under a supervisory liability claim, showing a failure to train is not enough; rather, the plaintiff must show that the defendant supervisor "knew of a need to train and/or supervise in a particular area and ... made a deliberate choice not to take any

action." Gold v. City of Miami, 151 F.3d 1346, 1350-51 (11th Cir. 1998). For the Sheriff to be aware of a need to train, he must be aware of "a history of widespread prior abuse." Id. at 1351 (citation omitted). Alternatively, the need for training must be "so obvious" that the failure to train amounts to deliberate indifference. Id. at 1352. Ordinarily, to allege a *prima facie* case of failure to train, a plaintiff must allege a pattern of similar constitutional violations that would put the Sheriff on notice of its inadequate training. Connick v. Thompson, 563 U.S. 51, 62 (2011). Here the Complaint as supplemented contains only a vague allegation that the Sheriff failed to train his officers to handle "the type of incident" involving Plaintiff. Plaintiff's imprecise failure to train allegation falls woefully short of the narrow so-called "single-incident" failure to train claims envisioned by the Supreme Court in Bd. Of Cty. Comm. Of Bryan Cty., Oklahoma. v. Brown, 520 U.S. 397, 409 (1997) (clarifying that a plaintiff could succeed on a single incident if he alleged "a single violation of a federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation.").

Additionally, the Monell [2] policy or custom requirement

---

[2] Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690-91 (1978).

applies to the official capacity claims against the Sheriff as a governmental entity. The Complaint and supplement are devoid of any allegations of a policy, custom or practice. Consequently, the Court finds the Complaint as supplemented fails to state a claim for relief against Sheriff Rambosk in either his individual or official capacities.

    **B. Collier County Jail and Unknown Shift Supervisor Deputys [sic]**

To bring a viable § 1983 action, the defendant sued must be an entity that is subject to being sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). A correctional facility or the jail is not a proper defendant in a case brought under 42 U.S.C. § 1983 because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office. Ibid.; Monroe v. Charlotte County Jail, No. 2:15-CV-729-FTM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015). The capacity of a governmental corporation to be sued in federal court is governed by the law of the state in which the district court is located. Dean, 951 F.2d at 1214. Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with its operation and control. See generally Chapter 30, Florida Statues. Thus, the Collier County Jail must be dismissed with prejudice as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Dean at 1214 (noting that sheriff's departments and police departments are

not legal entities subject to suit under § 1983); Brannon v. Thomas County Jail, 280 F. App'x 903, n.1 (11th Cir. 2008) (affirming dismissal of county jail in § 1983 action noting jail under Georgia state law is not considered a legal entity).

Included in Plaintiff's list of Defendants is "Unknown Shift Supervisor Deputys" [sic]. It appears that Plaintiff is attempting to state a claim for deliberate indifference against the individual deputy or deputies who placed him in the transport van over his objection. Doc. #2 at 10. The Complaint and supplement make clear that Defendant Garmone had medically cleared Plaintiff for transport despite his objections. Doc. #2 at 7. Consequently, Plaintiff cannot show that the transport officer "subjectively knew of a risk of serious harm" and that "the official disregarded that risk." Fischer v. Fed. Bureau of Prisons, 349 F. App'x at 374. Consequently, the Court dismisses without prejudice the Unknown Shift Supervisors Deputys [sic] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Defendant Amor Correctional Health Services**

Defendant Armor Correctional Health Services appears in the caption of his Complaint and in the list of Defendants. Doc. #1 at 1-2. Like Sheriff Rambosk, Plaintiff in his supplement generally claims Defendant Armor failure to ensure its employees were properly trained to follow an emergency doctor's orders deprived Plaintiff of his constitutional rights. Doc. #2 at 13.

Although a private entity, Armor may be held liable under § 1983 because it was tasked with providing medical care to inmates within the Collier County Jail, which is a "function traditionally within the exclusive prerogative of the state." Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997). Nonetheless, because it is a corporate entity, the Monell policy or custom requirement discussed above also applies to Armor. Ibid.

Here, the Complaint and supplement are completely devoid of any claim that Defendant Garmone's failure to provide Plaintiff with his prescribed medication or her decision to clear him for transport was due to any custom, policy implemented by Armor. Instead, Plaintiff attributes liability to Armor solely because it employed Defendant Gamone. A corporation cannot be held vicariously liable under § 1983 for any inaction or action taken by its employees. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004); Craig v. Floyd Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2011). Plaintiff's factual allegations relating solely to Defendant Garmone's alleged failure to provide him his prescriptions is simply insufficient to sustain a claim that Armor has a policy of denying medical care prescribed by emergency room doctors to inmates, much less that the practice was so widespread that Armor had notice of such violations and made a "conscious choice" to disregard them. Gold v. City of Miami, 151 F.3d at 1350. Accordingly, Plaintiff's claims against Defendant Armor are

dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is now **ORDERED**:

1. Defendant Rambosk's Motion to Dismiss (Doc. #23) is **GRANTED** and Plaintiff's Complaint (Doc. #1) as supplemented (Doc. #2) is dismissed without prejudice pursuant to Fed. R. Civ. P.12(b)(6).

2. Plaintiff's Complaint (Doc. #1) as supplemented (Doc. #2) against Defendant Collier County Jail is dismissed with prejudice pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) and (iii).

3. Plaintiff's Complaint (Doc. #1) as supplemented (Doc. #2) against Defendant Armor Correctional Health Services and "Unknown Shift Supervisors Deputys" [sic] is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DONE and ORDERED** at Fort Myers, Florida, this \_\_19th\_\_ day of March, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record